

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-26-2008

# Gabriel Atamian v. US Dept Ed

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gabriel Atamian v. US Dept Ed" (2008). *2008 Decisions.* Paper 190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2026
_____

IN RE: GABRIEL G. ATAMIAN, MD, MSEE, JD, Debtor

GABRIEL G. ATAMIAN,
Appellant

v.

U.S. DEPARTMENT OF EDUCATION;
SECRETARY, U.S. DEPARTMENT OF EDUCATION;
SIGNET BANK

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 07-cv-00355)
District Judge: Honorable Sue L. Robinson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 21, 2008

Before: RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed November 26, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant, Gabriel G. Atamian, appeals from an order of the United States District

Court for the District of Delaware affirming the Bankruptcy Court's entry of summary judgment in favor of the appellee. We will affirm as well.

I.

In November 2005, Atamian filed for bankruptcy under Chapter 7 of the Bankruptcy Code. At that time, he owed approximately $25,000.00 in student loans to the United States Department of Education. On January 20, 2006, Atamian initiated an adversary proceeding against the Department of Education seeking a determination that his student loans were dischargeable. Atamian alleged that he could not "maintain a minimal living standard and repay the loan" because a "Jewish conspiracy of taking Debtor for an 'Arab' has ruined the entire life of the Debtor since 1965." (Compl. in Bankr. D. Del. 06-50435.) In the complaint, Atamian also asked the Bankruptcy Court to "designate a Christian Master" to investigate the "Jewish community's" conspiracy to: (a) prevent him from earning any income after 1982; (b) cover up the alleged murder of his mother; and (c) mistreat his dental conditions.

On December 29, 2006, the Department of Education determined that Atamian was entitled to an undue hardship discharge under 11 U.S.C. § 523(a)(8), and administratively discharged the loans. The Department of Education then sought summary judgment on the remaining conspiracy claims. By order entered May 10, 2007, the Bankruptcy Court granted the motion. The court explained that: (1) there was no genuine issue of fact as to Atamian's dischargeability claim because the Department of

2

Education had agreed to discharge the debt; and (2) the court lacked subject matter jurisdiction over Atamian's conspiracy claims because the claims did not involve the bankruptcy estate. See 28 U.S.C. § 157. Atamian appealed to the District Court, which affirmed by order entered March 31, 2008. Atamian now appeals to this Court.

## II.

We have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. The District Court had appellate jurisdiction to review the Bankruptcy Court's orders under 28 U.S.C. § 158(a)(1). In reviewing a determination of the Bankruptcy Court, we exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review, reviewing its factual findings for clear error, and considering its exercise of discretion for abuse thereof. See Reconstituted Comm. of Unsecured Creditors of the United Healthcare Sys., Inc. v. State of N.J. Dep't of Labor (In re United Healthcare Sys., Inc.), 396 F.3d 247, 249 (3d Cir.2005). A bankruptcy court may grant summary judgment in an adversary proceeding "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

## III.

Upon review, we agree with the District Court's determination that the Bankruptcy

3

Court did not err in granting summary judgment to the Department of Education. First, the Bankruptcy Court correctly concluded that Atamian's dischargeability claim was moot because the Department of Education had agreed to discharge the debt. Second, the Bankruptcy Court correctly determined that it lacked jurisdiction to adjudicate Atamian's conspiracy claims. As the court explained, a bankruptcy court has jurisdiction over only those claims that are "at least 'related to' the bankruptcy." In re Marcus Hook Dev. Park, Inc., 943 F.2d 261, 266 (3d Cir. 1991) (citations omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (reversed on other grounds). Here, Atamian's conspiracy claims were unrelated to the bankruptcy because the outcome of these claims—i.e., a finding that the Jewish community had somehow conspired to prevent Atamian from being employed, to murder his mother, or to mistreat his dental conditions—would not have any impact whatsoever on the administration of Atamian's bankruptcy estate. Thus, the District Court properly found that the Bankruptcy Court did not have jurisdiction over Atamian's conspiracy claims.[1]

_____

[1] To the extent that Atamian asked the court to "refer" his conspiracy claims to the Department of Justice for investigation, we agree with the District Court that the Bankruptcy Court correctly concluded that it did not have the authority to do so.

IV.

We have considered Atamian's remaining arguments and find them meritless. Accordingly, we will affirm the order of the District Court. The motion for leave to file a supplemental appendix, which is construed as a motion to expand the record, is denied.